**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **Andrea Bien**, | |
| Plaintiff, | |
| vs. | CA No. 14-CV-00366 |
| **Stellar Recovery, Inc.,** | |
| Defendant. | |

**Plaintiff's Memorandum In Support of Her**

**Objection to Motion for Summary Judgment**

**I.     Undisputed Facts**

In January 2014, the Defendant Stellar Recovery (Stellar) placed two phone calls to the Plaintiff's home telephone number. (Defendant's Statement of Undisputed Facts (D's SOF), paragraph 6) The calls were an attempt to collect a debt from the Plaintiff. (Plaintiff's Statement of Undisputed Facts (P's SOF), paragraph 6)

The Plaintiff had been the victim of identity theft and she did not owe the debt Stellar was attempting to collect. (D's SOF, paragraphs 1 & 2)

A phone number with a 401 area code was displayed on the Plaintiff's home phone with each of the two phone calls in January. (D's SOF, paragraphs 7, 8 and 11)  Both phone calls were initiated from a location outside of Rhode Island, while Stellar had no employees physically present and working in Rhode Island, and while Stellar had no physical office in Rhode Island. (P's SOF, paragraph 3, 1 and 2)

Stellar admits that in its experience displaying a local caller-ID to recipients of its calls does appear to increase the number of successful contacts with people regarding debts it is trying to collect. (P's SOF, paragraph 7)

The Plaintiff contends displaying the 401 area code in this case constituted the use of false representations or deceptive means in an attempt to collect a debt in violation of the federal Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. 1692e(10). (Complaint, paragraphs 55 – 57)

## II.    Standard for Summary Judgement

A party is entitled to summary judgement if the pleadings, discovery and any affidavits show there is no genuine issue as to any material fact and the party is entitled to judgement as a matter of law. (Rule 56(c), Federal Rules of Civil Procedure)  The court must review the pleadings, affidavits and discovery, "in the light most favorable to the non-movant and resolving all reasonable inferences in that party's favor."  Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008) *referencing* Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir.2008).  If "the evidence on record is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side,' the motion should be denied. Id. at 40, *citing* Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir.2008) *quoting* Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.1995).

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson, 522 F.3d at 175 (*citing* Fed. R. Civ P. 56(c)). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Id. (*quoting* Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir.1996)) *(internal quotation marks omitted).*

## III.    Nature and Application of the Fair Debt Collection Practices Act

The FDCPA is a federal statute that was enacted to "protect debtors from abusive debt collection practices." Chiang v. Verizon New Eng., 595 F. 3d 25, 41 (1st Cir. 2010).  The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692(e).

In passing the FDCPA, Congress stated it wanted to, among other things, "eliminate the recurring problem of debt collectors dunning the wrong person." S. Rep. No. 95-382, at 4, reprinted in 1977 U.S.C.C.A.N. at 1699; see also H.R. Rep. 95-131, at 8 (1977) ("This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. . . . ")

Under the FDCPA, a debt collector's statement is considered deceptive "when it can reasonably be read to have two or more different meanings, one of which is inaccurate." Waters v. Kream, 770 E. Supp 2d 434, 436 (D. Mass 2011) citing Russell v. Equifax A.R.S., 74 F. 3d 30, 35 (2d Cir. 1996).  The Waters Court went on to state that under the FDCPA: "The fact that

terminology in the representation is 'vague or uncertain' will not prevent it from being held deceptive." *Id.*

It has long been established that a consumer does not have to prove she was actually deceived by a debt collector, or that she suffered actual damages, to recovery statutory damages under the FDCPA. <u>Baker v G.C. Services</u>, 677 F.2d 775, 777 (9th Cir. 1982)

The FDCPA imposes strict liability and a consumer need not show intentional conduct on the part of the debt collector in order to recover damages. <u>Ellis v. Solomon & Solomon, P.C.</u>, 591 F. 3d 130, 135 (2d Cir. 2010).

When deciding whether a representation is false, misleading or unfair, the majority of courts apply a "least sophisticated consumer" standard to determine whether or not a debt collector has violated the FDCPA. <u>Waters</u> at 437.

## IV.    Arguments

### A.  Stellar Was Obligated to Comply with the FDCPA

Because the Plaintiff has not proved to Stellar's satisfaction that the criminal who stole her identity used it to incur a debt primarily for her (the thief's) personal, family, or household purposes, Stellar believes the FDCPA does not apply to this case. (Defendant's MSJ, page 5) Accepting that argument would leave the victims of identity theft worse off, and less protected under the FDCPA, than other consumers who really owe debts.

Firstly, at this summary judgement stage the Plaintiff is not required to prove the debt was a "consumer debt" as defined by the FDCPA; she must merely show an issue of material fact exists regarding the nature of the debt. Holt v MRS BPO, LLC, 2013 WL 5737346 (N.D. Ill. Oct. 1, 2013) In that case, the court found that since the Defendant debt collector did not prove it was NOT attempting to collect a "consumer debt," and since it admitted it primarily collected "consumer debts," and since the Plaintiff asserted someone other than her owed the debt, it would be wrong to grant the Defendant summary judgement based on the contention the debt at issue was not a "consumer debt." Id. As that court said:

> As Holt points out, MRS argues in its motion, "[O]ne cannot say for certain that if MRS was attempting to collect a debt here (which MRS obviously denies), it was necessarily a consumer debt." R. 491 at 6; *see* 53 at 7. But that simply highlights the fact that the reverse is also true: one cannot say for certain that if MRS was attempting to collect a debt, it was *not* a debt covered under the FDCPA, as MRS agrees that it does collect covered debts.

This case is similar to the Holt case because Stellar was registered to engage in the business of collecting consumer debts in Rhode Island, it was trying to collect a debt from the Plaintiff, an individual - not a business, and it apparently treated the debt as if it were a consumer debt because:

a) the message Stellar believes it left the Plaintiff contained what is commonly called the *Mini-Miranda* notice advising the recipient the call was an attempt to collect a debt and any information would be used for that purpose as the FDCPA, specifically 15 USC 1692e(11), requires debt collectors to do when collecting "consumer debts;" and

b) Stellar took steps to ensure the message was not heard by anyone other than the Plaintiff and the FDCPA, specifically 15 USC 1692c(b), prohibits debt collectors from

communicating with anyone other than debtors and their spouses while collecting "consumer debts;"[1] and

c)  the Stellar employees involved in placing the calls to the Plaintiff had extensive training regarding collection laws and the FDCPA – so extensive it took Stellar a page and a half of single spaced type to summarize the training in its Answers to Interrogatories. (*See* Answer #10 *contained in* Exhibit 2 *of the* Plaintiff's Statement of Undisputed Facts.)

The FDCPA only applies to the collection of "consumer debts" and the Plaintiff is unaware of any similar restrictions on the collection of commercial debts in Rhode Island. Therefore, a reasonable jury could certainly conclude Stellar was attempting to collect a "consumer debt."

In another case where a Plaintiff in a FDCPA case contended he was not the debtor and the debt collector tried to avoid liability under the FDCPA through a motion for summary judgement arguing the Plaintiff had not established the debt was a "consumer debt" under the FDCPA, a court rejected the attempt explaining:

> "Defendants nevertheless argue that they are entitled to summary judgment because plaintiff Ibrahim Bodur has failed to show that the February 18, 2011 collection letter pertained to a "debt," defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (Defs. Br. At 2930, citing 15 U.S.C. § 1692a(4); Defs. Opp. Br. At 1517.) Because

---

[1] In the debt collection industry, the message raises what are known as *Foti* issues as it attempts to navigate between the FDCPA requirements that debt collectors both including the *Mini-Miranda* language when they communicating with debtors – sometimes even through messages - and that they not communicate with non-debtors. *See* <u>Foti v NCO Financial Systems, Inc.</u>, 424 F.Supp.2d 643 (2006) *and its progeny.*

> Bodur has not "specifically produce[d] any documentation" that the debt was for personal, family or household purposes, defendants argue that Bodur has no standing under the FDCPA. (Defs. Br. At 2930; Defs. Opp. Br. At 1517.)
>
> This argument is unavailing. As the plaintiff in Kings County Civil Court against Ibraham Bodur (*see* page 2 above), Palisades has all the relevant information and documents describing the nature of the underlying debt. Additionally, Pressler represented Palisades in its civil suit against Ibraham Bodur (*see* page 2 above), and therefore must also have the relevant information and documents describing the nature of the underlying debt. Bodur, on the other hand, is not the debtor and has no access to the information regarding the nature of the underlying debt

<u>Bodur v. Palisades Collection, LLC</u>, 829 F. Supp 2d 246, 256-257 (S.D.N.Y. 2011)[2]

Similarly in this case, Stellar knew more about the debt it was attempting to collect than the Plaintiff, Stellar apparently treated it as if it were a "consumer debt," and Stellar has produced no evidence suggesting it was anything other than a "consumer debt."

### B.  Displaying a 401 Area Code Was Deceptive Under the FDCPA

In rationalizing why it was okay for Rhode Island's 401 area code to be displayed on the Plaintiff's telephone, Stellar explains how it "owns the use of the phone number[s]" with the 401 area codes "through its contract with Livevox"– despite Stellar having neither a physical office in Rhode Island nor any employees working in Rhode Island. (D's SOF 9 & 12, and P's SOF 2 & 1) Stellar goes on to explain the calls originated from a data center in New York City and if the Plaintiff had answered them she would have been transferred to a debt collector in Kalispell, Montana, or Jacksonville, Florida. (P's SOF 4 & 5) Stellar also points to the fact that if the Plaintiff

---

[2] There were other factors that also mitigated in favor of the court concluding it was a consumer debt but the rationale the court relied on applies to this case as well.

had called either of the 401 numbers she would have been connected to Stellar – a company with no office or employees in Rhode Island. (D's SOF 10 & 13, P's SOF 2 & 1)

A sophisticated consumer knowledgeable about the intricate working of modern telephone technology might be expected to understand a 401 area code on her caller-ID does not mean she is getting a call from someone, or at least some business, in Rhode Island. That consumer might instead be charged with understanding a 401 area code on her caller-ID means she may be receiving a call from an entirely out-of-state company that decided to set ups its phones system as Stellar did to display a 401 area code even though every part of the call – from its origination to where the person on the other end would be sitting – was unrelated to Rhode Island.  But that is not the standard; whether or not a representation is deceptive under the FDCPA is judged from the perspective of the "least sophisticated consumer." Waters at 437. *Accord* Johnson v NCB Collection Servs., 799 F. Supp. 1298 (D. Conn. 1992), Latella v Atl. Advisors, Inc., 1992 U.S. Dist. LEXIS 22849 (D. Conn. May 11, 1992), Glowacki v Law Offices Howard Lee Schiff, PC, CA No. 1:13-cv-11306-RGS, U.S. Dist. Ct. for the Dist. of Massachusetts (June 5, 2014), *and* Devlin v Law Offices Howard Lee Schiff, P.C., 2012 WL 4469139 (D. Mass., Sept. 25, 2012).

The "least sophisticated consumer" test is an objective standard that "pays no attention to the circumstances of the particular debtor in question . . . ." Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012) In fact, it protects even hypothetical "gullible" consumers. Campuzano-Burgos v Midland Credit Mgmt., 550 F.3d 294, 298 (3rd Cir 2008) (Citations Omitted) Despite this relatively low bar to establish deception, Stellar want this court to conclude displaying the 401 area code as it did could not be deceptive because Stellar had the right to use the number and

8

Stellar would have answered it if the Plaintiff had called it. The Plaintiff contends Stellar's conduct cleared the bar and a reasonable jury could conclude it was deceptive.

Stellar seeks to protect itself by pointing out it owned the use of the 401 numbers displayed and it would have answered calls placed to the numbers. Unlike other FDCPA issues, there are not a lot of cases ruling on the issue of displaying area codes so it is appropriate to consider FDCPA decisions on misleading/deceptive issue that do not involve area codes.

Under the FDCPA, statements that "may frustrate a consumer's ability to intelligently choose his or her response" violate the Act. Caudillo v Portfolio Recovery Assoc., LLC, 2013 U.S. Dist. LEXIS 114305, 2013 WL 4102155, (Southern District of California 2013), *citing* Donohue v Quick Collect, Inc., 592 F. 3d 1027, 1034 (9th Cir. 2013)  In this case, deciding to display a 401 area code, as Stellar affirmatively did even though the call had no connection to Rhode Island, was a statement. The least sophisticated consumer would certainly be justified in assuming from that statement that someone in Rhode Island was attempting to contact her. Where a person is calling from is certainly something a consumer could rely on when deciding how to respond (i.e. by answering or by letting the call go to voice mail). But Stellar frustrated the recipient's ability to intelligently make that decision (whether to answer or letting the call go to voice mail) by falsely leading the least sophisticated consumer to believe someone in Rhode Island was calling her.[3] It therefore violated the FDCPA.

---

[3] Stellar admits that in its experience displaying a local caller-ID to recipients of its calls does appear to increase the number of successful contacts with people regarding debts it is trying to collect. (P's SOF, #7)

Furthermore, when confronted with what is at best ambiguous information (i.e. someone in Rhode Island is calling or a completely out of state company has originated a call to you from New York City that will connect you with someone in Montana or Florida) consumers do not have to do their own research or try to decipher the meaning. Gonzales v Arrow Fin. Servs., LLC, 660 F. 3d 1055, 1062, (9th Cir. 2011) Courts have repeatedly held "it is well established that [a statement] is deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate." Caudillo v Portfolio Recovery Assoc., LLC, 2013 U.S. Dist. LEXIS 114305, 2013 WL 4102155, (Southern District of California 2013), *citing* Gonzales at 1062. *See also* DeAmaral v Goldsmith & Hull, 2014 U.S. Dist. LEXIS 18568, Norther Dist. Of California (February 11, 2014), Caprio v Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 149 (3rd Cir. 2013), *and* Russell v Equifax A.R.S., 74 F.3d 30, 35 (2nd Cir. 1996).  It would certainly be reasonable to understand the displaying of the 401 area code to mean a call was from a Rhode Islander and, since that was false, displaying it was a deceptive statement.

Finally, we must consider Stellar's defense that boils down to the contention that each displaying of the 401 area codes, despite the calls having no connection to Rhode Island, was a truthful statement.  Even assuming it was truthful, a literally true statement can still violate the FDCPA.  *See* Sledge v Sands, 182 F.R.D. 255, 260, 1998 U.S. Dist. LEXIS 12926 (U.S. Dist. Ct. for the Northern District of Illinois, Eastern Division, 1998) *citing in accord* Gammon v GC Services, Ltd. Partnership, 27 F.3d 1254, 1258 (7th Cir. 1994). This case is a perfect example of that principal: while it may be true that Stellar had the right to use the 401 numbers, and Stellar would have answered the 401 numbers if the Plaintiff had called them, it does not negate the fact

10

that the 401 area codes could deceive the least sophisticated consumer into thinking someone in Rhode Island, or at least a Rhode Island company, was calling her. As such, the statement still violates the FDCPA.

**V.      Conclusion**

In deciding this Motion for Summary Judgment, the court must ask whether or not on the current record a reasonable jury could conclude a) that Stellar was attempting to collect a "consumer debt," and b) that the least sophisticated, gullible, consumer could be deceived into thinking she was getting a call from Rhode Island when Stellar caused the 401 area codes to be displayed on her caller-ID. Since a jury could, the Defendant's motion for summary judgement should be denied.

Andrea Bien,
By counsel,


/s/ *John T. Longo*

John T. Longo, Esq.
RI Bar #4928, MA BBO #632387
Citadel Consumer Litigation, P.C.
996 Smith Street, Suite 101
Providence, RI 02908
jtlongo@citadelpc.com
(401) 383-7550
Fax (401) 537-9185

Citadel File #CF 3909


Date:  June 16, 2015

## CERTIFICATE OF SERVICE

I, John T. Longo, certify that this document, filed through the ECF system on ___6/16/15__, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ John T. Longo*
John T. Longo