```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
ANDREA BIEN,                        )
        Plaintiff,                  )
                                    )
     v.                             )    C.A. No. 14-366 S
                                    )
STELLAR RECOVERY, INC.;             )
J. DOE #1; and J. DOE #2,           )
        Defendants.                 )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Andrea Bien ("Bien"), has brought suit against Defendant, Stellar Recovery, Inc. ("Stellar"), alleging that Stellar violated the Fair Debt Collection Practices Act ("FDCPA"). Now pending before this Court is Stellar's motion for summary judgment. (ECF No. 11.) For the reasons set forth below, Stellar's motion is GRANTED.

I.  Background[1]

Bien's grievance with Stellar began after her identity was stolen sometime before June 2013. (Pl.'s Resp. to Def.'s 1st Set of Interrogs. ¶ 3, ECF No. 13-6.) The unknown perpetrator proceeded to fraudulently open several accounts using Bien's identity. (Def.'s Statement of Undisputed Facts ("Def.'s SUF")

---

[1] The Court reviews the record in the light most favorable to Bien, the non-moving party, drawing all reasonable inferences in her favor. See Mellen v. Trs. of Boston Univ., 504 F.3d 21, 24 (1st Cir. 2007).

¶ 1, ECF No. 13.) When the debt that accrued on one of these accounts went unpaid, Stellar was enlisted to collect the debt. (Id. at ¶ 2.)[2]

To this end, in January 2014, Stellar called Bien on two separate occasions at her Rhode Island home. (Pl.'s Statement of Additional Undisputed Facts ("Pl.'s SUF") ¶ 6, ECF No. 19-1.) Although Stellar did not have offices or employees in Rhode Island, the Rhode Island area code of 401 preceded the two different numbers that Stellar used to contact Bien. (Def.'s SUF ¶¶ 8, 11.)[3] Prior to placing the calls, Stellar contracted with Livevox to provide its dialing services; pursuant to this arrangement, the calls to Bien originated from Livevox's data center outside of Rhode Island. (Def.'s SUF ¶ 5.) Under its contract with Livevox, Stellar owned the use of the two phone numbers that were used by Livevox to dial Bien, and, if Bien called the numbers back, she would have reached Stellar. (Def.'s SUF ¶¶ 8–13.)[4]

---

[2] Both parties acknowledge that Bien did not incur the debt at issue. (Def.'s Statement of Undisputed Facts ("Def.'s SUF") ¶ 23, ECF No. 13.)

[3] Stellar was, however, registered to do business in Rhode Island as a foreign corporation. (Def.'s SUF ¶ 4.)

[4] In fact, Bien did call the two 401-based numbers back and was answered by a recorded message that indicated that she had "reached Stellar Recovery." (Pl.'s Resp. to Def.'s 1st Set of Interrogs. ¶ 10, ECF No,. 13-6.)

Bien did not answer either of Stellar's phone calls because, as she explained, she does not answer incoming calls from unknown parties or telephone numbers. (Pl.'s Resp. to Def.'s 1st Set of Interrogs. ¶ 13.) After each call went unanswered, Stellar left a voicemail message indicating that the purpose of the call was debt collection. (Pl.'s SUF ¶ 9.) Bien listened to the voicemails, each of which identified Stellar by name, and reviewed her telephone's caller-ID log, which also displayed Stellar's name as the caller associated with the phone numbers. (See Def.'s SUF ¶¶ 17, 21; Pl.'s Resp. to Def.'s 1st Set of Interrogs. ¶ 10.)

Aggrieved by Stellar's phone calls, Bien brought this suit in state court, alleging that Stellar's practice of causing a Rhode Island area code to be displayed on her caller-ID when the call was not actually initiated within Rhode Island constituted a false, misleading, or deceptive representation or means in violation of the FDCPA, see 15 U.S.C. § 1692e(10). (See Pl.'s Opp'n 7-8, ECF No. 19.) Stellar removed the case to this Court and now moves for summary judgment on the grounds that Bien cannot prove that the debt at issue was a consumer debt within the meaning of the FDCPA. (Def.'s Mot. 2, ECF No. 12.) Additionally, Stellar argues that the use of the Rhode Island phone numbers was not a false, deceptive, or misleading means to collect the debt. (Id.)

II.  Legal Standard

Stellar brings this motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When analyzing a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor.  DeLia v. Verizon Commc'ns Inc., 656 F.3d 1, 3 (1st Cir. 2011).  However, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

III. Discussion

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  In accordance with

these purposes, the FDCPA prohibits the use of "any false representation or deceptive means to collect or attempt to collect any debt." Id. § 1692e(10). In assessing the deceptiveness of a debt collector's representation or means, courts in this circuit employ an objective test to determine whether the communication would have disabled an "unsophisticated consumer" from knowingly deciding how to handle the debt collection call. See Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 103 (1st Cir. 2014).[5]

Assuming, without deciding, that there is enough evidence to create a genuine issue of material fact as to whether the debt involved was a consumer debt, Stellar is still entitled to summary judgment. Bien has failed to explain how a reasonable juror could conclude that the use of the phone numbers was false, deceptive, or misleading. The undisputed facts show that Stellar owned the use of the numbers and that Stellar's name appeared on Bien's caller-ID. (See Def.'s SUF ¶¶ 5, 8–13; Pl.'s Resp. to Def.'s 1st Set of Interrogs. ¶ 10.) Therefore, Stellar

---

[5] Bien accurately noted in her memoranda that a majority of the circuits apply a "least sophisticated consumer" standard. See e.g., Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 1005 (3d Cir. 2011); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). The First Circuit in Pollard, however, chose to adopt the "unsophisticated consumer formulation to avoid any appearance of wedding the standard to the 'very last rung on the sophistication ladder.'" Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 103 n.4 (1st Cir. 2014) (quoting Gammon v. GC Servs. Ltd. P'ship, 27 F.3d 1254, 1257 (7th Cir. 1994)).

did not employ any false representation or means. See <u>Scheffler v. Integrity Fin. Partners, Inc.</u>, Civ. No. 12-188(DWF/TNL), 2013 WL 9768539, at *4 (D. Minn. Oct. 28, 2013); <u>Elliott v. GC Servs., LP</u>, No. 8:10-cv-1976-T-24-TBM, 2011 WL 5975671, at *3 (M.D. Fla. Nov. 28, 2011) (granting summary judgment motion for defendant on § 1692e(10) claim because there was no FDCPA violation when debt collector allowed accurate "800" phone number to appear on consumer's caller-ID); <u>Glover v. Client Servs., Inc.</u>, No. 1:07-CV-81, 2007 WL 2902209, at *3 (W.D. Mich. Oct. 2, 2007) (granting defendant's motion for judgment on the pleadings because there was no FDCPA violation where the plaintiff was accurately informed that the identity of the caller was "unavailable").

Similarly, Stellar's use of the phone numbers was in no way deceptive or misleading. Notably, Stellar did not display a fictitious name or a name familiar to Bien in an attempt to trick Bien into answering the call. See <u>Knoll v. Allied Interstate, Inc.</u>, 502 F. Supp. 2d 943, 947 (D. Minn. 2007) (denying defendant's motion to dismiss § 1692e claim where the defendant displayed an alias on the caller-ID); see also <u>Sohns v. Bramacint, LLC</u>, Civil No. 09-1225(JNE/FLN), 2010 WL 3926264, at *3 (D. Minn. Oct. 1, 2010) (granting plaintiff's motion for partial summary judgment on FDCPA liability where the defendant caused the plaintiff's mother-in-law's phone number to appear on

6

the plaintiff's caller-ID). To the contrary, the undisputed facts reveal that Stellar was entirely upfront about its identity, as evidenced by the fact that Stellar's name appeared on Bien's caller-ID. Therefore, Stellar's practice would not render an unsophisticated consumer unable to make an informed decision as to whether to answer the call. See Scheffler, 2013 WL 9768539, at *4 (granting defendant's summary judgment motion because it was not deceptive to display on the plaintiff's caller-ID a local telephone number that the defendant owned and if called would reach the defendant).

IV. Conclusion

Ultimately, Bien has failed to show the existence of a genuine issue of material fact as to whether Stellar's communication was false, deceptive, or misleading within the FDCPA framework. Accordingly, Stellar's motion for summary judgment is GRANTED.[6]

IT IS SO ORDERED:

*/s/ W. Smith*

William E. Smith
Chief Judge
Date: September 21, 2015

---

[6] Stellar also argues that, assuming there was a false, deceptive, or misleading representation or means, Bien has failed to establish a genuine issue of material fact as to materiality. This Court need not address this issue.

7